FILED
November 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003892341

1  **LAW OFFICES OF RICHARD HAMLISH**
   **910 HAMPSHIRE ROAD, SUITE G**
2  **WESTLAKE VILLAGE, CALIFORNIA 91361-1407**
   **Telephone: (805)497-6632**
3  **FAX: (805)497-2703**
   **SBN 122389**
4

5  Attorney for Debtors
   Milton Peter Barbis
6  Heidi Elizabeth Barbis

7

8              **UNITED STATES BANKRUPTCY COURT**

9            **FOR EASTERN DISTRICT OF CALIFORNIA**

10                    **FRESNO DISTRICT**

11  In re:                          )  CASE NO.   2009-60548-B-7F
                                    )
12  MILTON PETER BARBIS, and HEIDI  )  Chapter 7
    ELIZABETH BARBIS,               )
13                                  )
              Debtors,              )  D.C. No.  REH-1
14                                  )
                                    )
15  _____ )

16

17           **DEBTORS' EX-PARTE MOTION TO REOPEN CASE**

18  TO THE HONORABLE W.  RICHARD LEE,
    UNITED STATES BANKRUPTCY JUDGE:
19
         Debtors Milton Peter Barbis and Heidi Elizabeth Barbis, files their ex parte
20
    motion to reopen this case pursuant to 11 U.S.C. §350(b) and Fed.R.Bankr.  5010,
21
    as follows:
22
         1.    The Debtors received their discharge in this case on February 4, 2010.
23
    An Order Approving Trustee's Report of No Distribution, Discharging Trustee and
24
    closing Estate was entered on September 21, 2010.
25
         2.    The Debtors are informed and now believe that the Debtors failed to
26
    disclose in their bankruptcy schedules, Milton Barbis' and Heidi Barbis' interest,
27
    as Plaintiffs, in a lawsuit pending in the United States District Court for the Eastern
28
    District of California, Case No.  11-cv-00622 LJO SKO, (Fresno Rock Taco LLC,

1 Zone Sports Center, LLC, The Fine Irishman LLC; Milton Barbis; Heidi Barbis;

2 Heidi Barbis as guardian at litem for Claire Barbis, a minor; v. Ben Rodriguez;

3 Brendan Rhames; The City of Fresno). The Debtors believe that these funds may

4 be the property of the estate.

5     3. The debtors requests the case be reopened pursuant to U.S.C. §350(b)

6 and Fed.R.Bankr.P 5010, to allow the funds to be administered by the trustee for

7 the benefit of the creditors.

8     4. In the event the case is reopened, the Debtors request the court order the

9 appointment of a trustee. A trustee is necessary at this time to protect the interests

10 of the creditors and the Debtors to insure efficient administration of the estate.

11     WHEREFORE, PREMISES CONSIDERED, the Debtors request that their

12 motion to reopen be granted, and that they have such other and further relief as is

13 just.

14

15 Dated:  November 8, 2011

                Respectfully Submitted

16

17                 Milton Peter Barbis and
                Heidi Elizabeth Barbis, Debtors

18

19         By: _____/s/ Richard Hamlish_____
                Attorney for Debtors

20

21                 805-497-6632
                805-497-2703 fax

22                 hamlish@aol.com  email

23

24

25

26

27

28

1

## DECLARATION OF RICHARD HAMLISH

2      I, Richard Hamlish, do hereby declare I have personal knowledge of the facts

3  set forth within this declaration, and if called to testify as a witness, I could and

4  would competently testify thereto:

5      1.      I am an attorney licensed to practice in the courts of the State of

6  California, the United States District Courts for the Northen, Southern, Eastern and

7  Central Districts of California, the District of Arizona, the Eastern District of

8  Wisconsin, the Western District of Washington, the United States Tax Court, the

9  Ninth Circuit Court of Appeals and the United States Supreme Court.

10      2.      I represent Zone Sports Center, LLC, (hereinafter "ZSC"), Fresno

11  Rock Taco, LLC (hereinafter "FRT") and the Fine Irishman (hereinafter "TFI"),

12  Milton Barbis, Heidi Barbis and the minor Claire Barbis in an underlying case

13  pending in the United States District Court for the Eastern District of California

14  [Case No.  11-cv-00622 LJO SKO, (Fresno Rock Taco LLC, Zone Sports Center,

15  LLC, The Fine Irishman LLC; Milton  Barbis; Heidi Barbis; Heidi Barbis as

16  guardian at litem for Claire Barbis, a minor;  v. Ben Rodriguez; Brendan Rhames;

17  The City of  Fresno.]

18      3.      I maintain offices at 910 Hampshire Road, Suite G, Westlake Village,

19  California.

20      4.      I maintain in my files the conformed copies of all documents I filed

21  in this matter and any documents served on me by the other parties.

22      5.      During the last week of August 2010, I was contacted by a client who

23  advised me that he had referred Milton Barbis and other business persons who had

24  been investors with Barbis, to me.

25      6.      Shortly thereafter, I had a meeting with six persons including Milton

26  Barbis who were investors/members of ZSC.   The meeting lasted approximately

27  four hours during which these persons explained to me the entire history of ZSC

28  and its relationship to FRT.

7.    I was also informed that Barbis had filed a Chapter 7 bankruptcy and that the bankruptcy had been discharged

8.   I was shown many documents concerning the businesses ZSC, FRT and the TFI.

9.    At some date after the initial meeting and September 13, 2010, I was advised that law enforcement had obtained a search warrant to search the premises of FRT, ZSC, TFI as well as the residence of Milton and Heidi Barbis and that law enforcement was still in possession of the documents seized.

10.   At that time, I had no reason to believe that the search warrant was not based on a facially valid search warrant and that the search and seizure were not conducted within the guidelines of the Fourth Amendment.

11.   I did not ask of the circumstances of the search and seizure nor did Barbis disclose to me that there was any suspicion that law enforcement officer did not act lawfully.

12.   I did not ask Barbis if any claim was filed against any law enforcement agency regarding the search and seizure and did not ask if the search and seizure had been disclosed in the bankruptcy.

13.   On or about January 11, 2011, pursuant to discovery in another lawsuit, I took the deposition of Alex Costa, one of two informants the law enforcement officers relied upon in the affidavit in support of the search warrant.  At the deposition, Mr. Costa reviewed the affidavit in support of the search warrant and testified that he did not state many of the things attributed to him in the affidavit in support of the search warrant and many of the statements attributed to him were not true.

14.    On or about January 11, 2011, Roger Brown, the other informant for law enforcement in the obtaining of the search warrant, filed a verified answer under penalty of perjury, that he did not make statements attributed to him by law enforcement in the affidavit in support of the search warrant.

-4-

15.   Upon further investigation, on April 16, 2011, I drafted and filed a complaint in the United States District Court for the Eastern District of California [Case No. 11-cv-00622 LJO SKO].

16.   The conduct complained of in the Case No. 11-cv-00622 LJO SKO took place on May 28, 2009, several months before Milton and Heidi Barbis filed their bankruptcy.

17.   Milton and Heidi Barbis did not discover that they had a claim against these defendants until I examined the search warrant, the affidavit in support of the search warrant, and took the deposition of Alex Costa and examined the verified answer under penalty of perjury by Roger Brown.

18.   It appears to this counsel that the claims by Milton and Heidi Barbis although not known to them at the time of the filing of bankruptcy or even when the bankruptcy was discharged, are the property of the estate because the actual claim took place prior to the filing of the bankruptcy.

19.   Based on the foregoing, the Debtors, through their counsel, pray the Court order the case be reopened and a trustee by appointed to administer the funds.      I declare under penalty of perjury that the foregoing is true and correct. Executed at Westlake Village, California.

Dated: November 10, 2011          _____ i/s/i _____

                                                           RICHARD HAMLISH

-5-

1

2  **LAW OFFICES OF RICHARD HAMLISH**
   **910 HAMPSHIRE ROAD, SUITE G**
3  **WESTLAKE VILLAGE, CALIFORNIA 91361-1407**
   **Telephone: (805)497-6632**
4  **FAX: (805)497-2703**
   **SBN 122389**
5

6  Attorney for Debtors
   Milton Peter Barbis
7  Heidi Elizabeth Barbis

8

9              **UNITED STATES BANKRUPTCY COURT**

10          **FOR EASTERN DISTRICT OF CALIFORNIA**

11                    **FRESNO DISTRICT**

12  In re:                          ) CASE NO.   2009-60548-B-7F
                                     )
13  MILTON PETER BARBIS, and HEIDI   ) Chapter 7
    ELIZABETH BARBIS,                )
14                                   ) D.C. No.  REH-1
                      Debtors,       )
15  _____     ) [PROPOSED] ORDER

16           **ORDER GRANTING DEBTORS' EX-PARTE**
17                 **MOTION TO REOPEN CASE**

18       Upon consideration of the Debtors' Ex Parte Motion to Reopen Case and the

19  Court finding that there is cause to reopen this case under 11 U.S.C. §350(b) and

20  Fed,R.Bankr.P. 5010, it is:

21       ORDERED that the above entitled and numbered bankruptcy case be, and

22  the same is hereby, reopened, pursuant to 11 U.S.C. §350(b) and Fed.R.Bankr.P.

23  5010, and it is further:

24       ORDERED that a trustee be appointed in this case.

25

26  Dated: _____, 2011

27                                    _____
                                              W. RICHARD LEE
28                                     United States Bankruptcy Judge